**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000056
22-DEC-2011
08:10 AM**

NO. CAAP-11-0000056

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
NOLAN L.K. CRABBE, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
WAHIAWA DIVISION
(CASE NO. 1DTC-08-058783)


SUMMARY DISPOSITION ORDER
(By:  Nakamura, Chief Judge, Foley and Leonard, JJ.)

Defendant-Appellant Nolan L.K. Crabbe (**Crabbe**) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment entered on January 25, 2011 (**Judgment**), by the District Court of the First Circuit, Wahiawa Division (**District Court**).[1]  Following a bench trial, Crabbe was convicted of Excessive Speeding in violation of Hawaii Revised Statutes (**HRS**) § 291C-105 (2007 & Supp. 2010).

On appeal, relying on State v. Assaye, 121 Hawai'i 204, 216 P.3d 1227 (2009), Crabbe contends that:  (1) there was insufficient foundation established for the speed reading of the laser gun; (2) there was insufficient evidence that Honolulu Police Department Lieutenant Ryan Nishibun (**Lt. Nishibun**) was qualified to operate the laser gun; and (3) without such evidence, there is insufficient evidence of the offense.

_____

[1]  The Honorable Christopher McKenzie presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Crabbe's contentions as follows:

(1) Lt. Nishibun testified, *inter alia*, that he performed four tests on the LTI 20/20 Ultralight laser gun, in accordance with the manufacturer's established procedures and instructions, which were contained in the manual provided by the manufacturer, within the testing time frames recommended by the manufacturer, and that the tests indicated that the laser gun was working properly. We conclude that the foundation laid by Lt. Nishibun's testimony was sufficient to support the laser gun's speed reading. See Assaye, 121 Hawai'i at 215, 216 P.3d at 1238.

(2) Lt. Nishibun testified, *inter alia*, that he was trained and qualified on the operation of the LTI 20/20 Ultralight laser gun, that he passed all parts of his basic training on the laser gun and, later, the instructor training, and that during that training he was provided with a training manual for the LTI 20/20, which was provided by the manufacturer, and that his training was based upon the manufacturer's training manual. In addition, Lt. Nishibun has had 22 years of practical experience and has used the LTI 20/20 approximately ten thousand times. Lt. Nishibun's testimony was sufficient to meet the State's burden of proof regarding his qualification by training and experience to operate the laser gun. See id. We conclude that the District Court did not abuse its discretion by concluding that Lt. Nishibun's testimony provided a proper foundation for the speed reading given by the laser gun.

(3) Having rejected Crabbe's contention that the evidence supporting his conviction was inadmissible, we reject his argument that without the challenged evidence there is insufficient evidence to support his conviction.

Accordingly, the District Court's January 25, 2011 Judgment is affirmed.

DATED:  Honolulu, Hawai'i, December 22, 2011.

On the briefs:

Harrison L. Kiehm
for Defendant-Appellant

Sonja P. McCullen
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

3